**In re Richard A. CARONA, Sr.**

No. 99–38328–H2–13.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Sept. 7, 2000.

Johnie J. Patterson, High Point, NC, for Debtor.

Eric Gould, for Sterling Bank.

**FINDINGS OF FACT AND CONCLU-SIONS OF LAW IN SUPPORT OF ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY (doc# 32)**

WESLEY W. STEEN, Bankruptcy Judge.

Sterling Bank ("Sterling") seeks relief from the automatic stay to execute on its security interests in certain trucks and trailers because Richard Carona ("Debtor") has failed to make payments to the chapter 13 trustee in this case as required by the Debtor's confirmed chapter 13 plan.

For reasons set forth below, relief from the stay is granted by separate order issued this date.

## JURISDICTION

This is a contested matter, a civil proceeding, arising in a case under title 11 and arising under title 11 of the United States Code. The United States District Court has jurisdiction under 28 U.S.C. § 1334(b). By order dated August 9, 1984, under authority granted by 28 U.S.C. § 157(a), the United States District Court for the Southern District of Texas referred all such proceedings to the bankruptcy judges for the district. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(G). The bankruptcy judge may hear and may determine core proceedings, 28 U.S.C. 157(b)(1). No party has objected to the exercise of core jurisdiction by the undersigned bankruptcy judge.

## FACTS

The facts are undisputed.

| | |
|---|---|
| August 27, 1999 | Debtor filed this case under chapter 13 of the Bankruptcy Code. |
| March 23, 2000 | Debtor's Chapter 13 plan was confirmed. |
| July 19, 2000 | Sterling filed its motion for relief from the automatic stay, alleging principally that the Debtor had failed to make payments to the chapter 13 trustee as required by the Debtor's plan. |

The Debtor's chapter 13 plan does not include any provision that would alter the post-confirmation vesting provisions of § 1327(b) of the Bankruptcy Code. There was no proceeding to avoid Sterling's security interests and the plan did not provide for vesting the trucks and trailers in the Debtor free and clear of Sterling's security interests. At the time of the hearing on Sterling's motion for relief from the stay, the Debtor was $8,700 delinquent in payments to the chapter 13 trustee.

**366**

Although Debtor's counsel was present at the hearing on Sterling's motion for relief from the stay and although counsel argued enthusiastically for the Court to deny the motion, the Debtor did not appear at the hearing and the Debtor presented no evidence at that hearing to refute Sterling's evidence that the Debtor was $8,700 delinquent in plan payments. The Debtor has not filed a motion to modify the plan to cure the payment defaults.

## CONTENTIONS OF THE PARTIES

Sterling contends that the Debtor's default is sufficient "cause" to justify relief from the automatic stay to allow Sterling to execute on its security interests, and to sell the collateral. The Debtor contends (i) that the confirmation of its chapter 13 plan revests the trucks and trailers in the Debtor, (ii) that the trucks and trailers are, therefore, no longer property of the estate, (iii) that the bankruptcy automatic stay no longer applies since the property is no longer property of the estate, (iv) that confirmation of the chapter 13 plan, in effect, rewrites the contract between the Debtor and Sterling and (v) therefore Sterling's appropriate remedy is to seek dismissal of the case and the concomitant revocation of the effects of the confirmation order.

Neither party has briefed the issues or cited authority for its contentions.

## CONCLUSIONS OF LAW

Analysis of the Debtor's argument requires an interpretation of the definition of property of the estate and an interpretation of the reach and termination of the automatic stay in bankruptcy. It is helpful to view these concepts in broad generalities, first, and then to look at the finer points of the Debtor's arguments.

1. Bankruptcy Code § 362(a)(1), (2), (6), and (7).

2. Bankruptcy Code § 362(a)(2), (3), and (4).

3. Bankruptcy Code § 362(a)(5).

### 1. General Concepts as Applicable to this Case

■ At the moment that a bankruptcy petition is filed, Bankruptcy Code § 541 creates an estate consisting of all property interests owned by the Debtor. Also at the beginning of the case, Bankruptcy Code § 362(a) creates an automatic stay that prohibits creditor action to collect pre-petition debt. For purposes of this discussion, it is important to note that the stay prohibits: (i) collection of pre-petition claims against the debtor,[1] (ii) acts to foreclose on property of the estate,[2] and (iii) acts to enforce pre-petition liens against property of the debtor.[3] The automatic stay terminates (as to property of the estate) when the property ceases to be property of the estate. Otherwise, (as applicable to the current facts) the automatic stay terminates when the case is dismissed or the debtor is discharged.[4]

■ Confirmation of a chapter 13 plan: (i) binds the debtor and each creditor to its terms; and (ii) vests property of the estate in the debtor (unless the plan provides otherwise), subject to liens and security interests (unless those liens and security interests are voided by appropriate proceedings).

### 2. Does the Automatic Stay Apply, Post-Confirmation, to Sterling?

■ The Debtor correctly argues that, as of the date that the chapter 13 plan was confirmed, the trucks and trailers ceased to be property of the estate and became property of the debtor.[5] Therefore, the stay effected by Bankruptcy Code § 362(a)(2), (3), and (4) was terminated. However, Bankruptcy Code § 362(a)(5) provides that:

[Filing a bankruptcy] petition operates as a stay ... of any act to create, per-

4. Bankruptcy Code § 362(c).

5. Bankruptcy Code § 1327(b).

fect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case . . . [6]

There is no question that the trucks and trailers are now property of the debtor[7] and there is no question that Sterling's security interests were liens[8] to secure a pre-petition claim.[9] The stay effected § 362(a)(5) remains in effect. Therefore, the Debtor is incorrect in arguing that Sterling's motion should be denied as moot.[10]

3. Does a Post-petition Default in Payments to the Chapter 13 Trustee Constitute Sufficient "Cause" to Grant Relief from the Automatic Stay?

■ The Debtor argues that the confirmation order, in effect, rewrote the contract between the Debtor and Sterling and that Sterling is bound by that order. Therefore, the Debtor argues, relief from the stay is inappropriate until the case is dismissed or until the confirmation order is revoked. The Court disagrees.

The Debtor's argument ignores the fact that the Debtor is *also* bound by the confirmation order. The Debtor is obligated by the plan and by the confirmation order to make payments to the Trustee. Even assuming the Debtor's conceptual approach, (*i.e.* that the confirmation order creates a new contract between the Debtor and Sterling), there does not appear to be any reason why (and the Debtor has pointed out no reason why) a post-petition default by the Debtor does not justify the same results that would occur outside of bankruptcy, that is, foreclosure on a lien or security interest. That foreclosure may first require permission of the bankruptcy court (*i.e.* relief from the automatic stay of § 362(a)(5)), but the Debtor has pointed out no reason why the Debtor's default is not "cause" sufficient to justify the court to grant that relief.

The jurisprudence and the principal treatise on chapter 13 support the view that a post-petition default is sufficient cause to grant relief from the stay to allow foreclosure by a secured creditor. Judge Ellington, in *In re Lee*,[11] expresses the rule as follows, and cites no fewer than 5 cases in support of the proposition:

> Since a creditor's rights are redefined by the terms of the confirmed plan, where a debtor materially defaults under the terms of his confirmed plan the creditor may be entitled to relief from the automatic stay under Bankruptcy Code § 362.[12]

In the leading treatise on chapter 13, Judge Lundin indicates that a post-confirmation default is sufficient cause to grant relief from the stay unless the Debtor timely modifies the plan to cure the default.[13] The Court of Appeals for the Fifth Circuit has clearly held that the chapter 13 plan can be modified to cure post-confirmation defaults.[14] Therefore, if a debtor wants to avoid the possibility that the Court will grant relief from the stay on account of the debtor's post-petition defaults under the plan, the debtor should assure timely plan modification to cure the default.

---

**6.** Bankruptcy Code § 362(a)(5).

**7.** Because the order of confirmation revested property of the estate in the Debtor under Bankruptcy Code § 1327(b).

**8.** Bankruptcy Code § 101(37).

**9.** Bankruptcy Code § 101(5).

**10.** For an excellent discussion, see Keith M. Lundin, *Chapter 13 Bankruptcy, 1997–1998 Cumulative Supplement* 737 (2d ed.1997).

**11.** 167 B.R. 417 (Bankr.S.D.Miss.1992) *aff'd* 22 F.3d 1094 (5th Cir.1994).

**12.** *Id.* at 426–27.

**13.** Lundin, *supra*, § 6.28.

**14.** *Matter of Mendoza*, 111 F.3d 1264 (5th Cir.1997).

**368**

## CONCLUSION

In summary, the Court concludes that the automatic stay of § 362(a)(5) survives plan confirmation with respect to pre-petition claims. The Court further concludes that a material default in payments to the chapter 13 trustee constitutes sufficient cause to grant relief from the stay when the Debtor has taken no steps to cure the deficiency promptly or to modify the plan to cure the default. Therefore, an order will be issued this date granting Sterling relief from the automatic stay.

In researching the law for this opinion, the Court examined and considered a number of cases that deal with the intricacies of the interplay between §§ 362, 1306, and 1327. Because this case involves a *pre*-petition claim secured by property of the debtor and a *post*-petition default under a confirmed plan, the Court does not need to consider whether a stay exists with respect to *post*-petition claims and with respect to execution of those claims against property of the debtor. Nor does the Court need to consider the extent to which property/earnings of the debtor post-confirmation constitute property of the estate. Nor does the Court need to consider the applicable consequences, if any, of a plan provision that abrogates § 1327(b) to allow property to remain in the estate rather than being vested in the debtor post-confirmation. Each of these distinctions might be significant in different circumstances and for different purposes. Although the Court finds the decision in *In re Fisher* [15] to be persuasive, and although the Court finds Judge Lundin's discussion of that case in his chapter 13 treatise [16] to be especially illuminating, any further discussion of those issues in this decision would be *dicta*.